## METROPOLITAN CASUALTY INS. CO. of NEW YORK v. CLEVELAND.

No. 21761.   Opinion Filed Feb. 23, 1932.

Burford, Miley, Hoffman & Burford and Clayton B. Pierce, for plaintiff in error.

L. G. Lewis, for defendant in error.

PER CURIAM. Defendant in error, plaintiff below, brought suit in the district court of Payne county against Hanson & Pearce, Inc., and the Metropolitan Casualty Insurance Company, a corporation, on various and sundry accounts for material and supplies alleged to have been furnished the said Hanson & Pearce, Inc., contractors carrying on paving work for the incorporated city of Yale, under separate contract for separate improvement districts. It is alleged that said material and supplies were furnished by defendant in error and his assignors at the instance and request of said contractors; that plaintiff in error became liable for the payment of said claims by reason of having executed on behalf of contractors three statutory bonds covering the contracts in each of the improvement districts. Plaintiff in error, co-defendant below, filed motion in the trial court to require plaintiff to make his petition more definite and certain by alleging and separately stating the amount of the

materials and supplies furnished for each of said separate projects, and by attaching separate itemized statement of materials alleged to have been supplied for said project in each improvement district; and on the grounds that said projects were separate, distinct undertakings under separate contracts and protected by separate bonds for the payment of labor, material, and supplies so furnished. The motion was overruled and exceptions saved. The sufficiency of the petition was again raised in separate answer filed by the plaintiff in error. The cause was tried to the court, and on overruling the demurrer to plaintiff's evidence, judgment was rendered for plaintiff and against the defendant; motion for new trial was overruled and plaintiff in error perfected appeal to this court by filing petition in error and case-made on September 25, 1930.

Plaintiff in error served and filed brief on May 9, 1931, in full compliance with the rules and order of this court, but the defendant in error has wholly failed to file answer brief, pleading, or any other instrument in said cause on appeal, neither has the defendant in error offered any excuse for his failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 P. 481.

In this cause, the petition in error, among other assignments of error, avers that the court erred in overruling the motion of the plaintiff in error to make the petition of the defendant in error Jack Cleveland more definite and certain; and erred in refusing to require the defendant in error to allege and state in his petition the amount of the material or supplies furnished for use in the respective street improvement districts, and to separately itemize the materials alleged to have been so supplied; and prays that the order and judgment of the trial court overruling motion for new trial be reversed, and that judgment be rendered for the plaintiff in error, or, in the alternative, that the cause be remanded, with instructions to grant a new trial. We have examined the brief of the plaintiff in error, and the assignments of error are reasonably

supported by the authorities cited therein, and, under the oft-repeated holdings of this court, plaintiff in error is entitled to judgment reversing the judgment and order of the lower court and granting a new trial.

The cause is therefore reversed and remanded, with directions to the lower court to vacate its former judgment, and to enter its order sustaining the motion of plaintiff in error to make more definite and certain, and grant plaintiff in error new trial.

Note.—See under (1) 2 R. C. L. 176; R. C. L. Perm. Supp. p. 360.